IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NICHOLAS N. JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | 1:14-CV-0573-CC |
| MIDFIRST BANK, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the Court on MidFirst Bank's Motion to Dismiss [Doc. No. 4]. For the reasons that follow, the Court **GRANTS** the Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff Nicholas N. Johnson ("Plaintiff"), who is proceeding in this action pro se, is the owner of property located at 185 Wyndmont Way, Covington, Georgia 30016 (the "Property"). (Compl. ¶ 2.) On or around May 1, 2007, Plaintiff obtained a loan in the amount of $249,925.00[1] from First Horizon Home Loan Corporation to purchase the Property and executed a promissory note evidencing the same. (Id. ¶ 4, Ex. A.) To secure the promissory note, Plaintiff conveyed the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Horizon Home Loan Corporation by means of a security deed (the "Security Deed"). (Id., Ex. A.) On October 19, 2009, and allegedly unbeknownst to Plaintiff, MERS transferred and assigned the Security Deed to MidFirst Bank via an assignment. (Id. ¶ 5; MidFirst Bank's Mot. to Dismiss, Ex. A.) MidFirst Bank is also the current servicer of Plaintiff's mortgage loan. (Compl. ¶ 5.)

Plaintiff began to experience financial difficulties and subsequently requested that MidFirst Bank, as servicer of the mortgage loan, modify the loan. (Id. ¶¶ 6, 7.)

---

[1]    The current value of the Property, according to the Newton County Tax Assessor, is $149,600.00. (Notice of Removal [Doc. No. 1], Ex. C.)

Unable to reach a resolution with MidFirst Bank, Plaintiff alleges he then sent a qualified written request to MidFirst seeking contact information for the secured creditor of the mortgage loan, but MidFirst allegedly never seriously considered the request and ignored the same. (Id. ¶¶ 8, 9.)

Now, according to Plaintiff, MidFirst Bank has been and is acting as the secured creditor of his loan, has falsely and unlawfully called the loan into default, and has begun to proceed with a wrongful attempted foreclosure. (Id. ¶¶ 9, 10, 13, 17.) Plaintiff alleges that MidFirst Bank is "a mere mortgage servicer," which has no assignment of the security deed, no right to call his loan into default, and no right to initiate foreclosure proceedings under Georgia law. (Id. ¶¶ 13, 14, 15, 17.) Plaintiff further alleges that he has no contractual obligation to pay MidFirst Bank any money, although MidFirst Bank has demanded payment in full. (Id. ¶¶ 17, 18.)

Plaintiff states that Defendant's actions have caused him "much unnecessary harm and damage." (Id. ¶ 12.) Specifically, Plaintiff alleges that he is losing all the money that he put into his property, his credit has been destroyed, he has had to file for bankruptcy, and he must expend additional funds looking for a new place to live. (Id. at p. 7.)

Plaintiff brings causes of action in this lawsuit for wrongful attempted foreclosure, violation of the Real Estate Settlement Procedures Act ("RESPA"), intentional infliction of emotional distress, and punitive damages. MidFirst Bank presently moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint in its entirety.

## II.    STANDARD OF REVIEW

A court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The

complaint need not contain "detailed factual allegations," but it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation and citation omitted).  Something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  Id. at 555.  Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678 (citation omitted).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (other citation omitted).  Likewise, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, 960 F.2d 1002, 1010 (11th Cir. 1992).

In addition to considering the properly-pleaded allegations of the complaint, the court can consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007).  Eleventh Circuit law further provides as follows:

> [W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

Brooks v. Clue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).  The court's "duty to accept the facts in the complaint as true does not

require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Id. at 1206 (citation omitted).

## III.   ANALYSIS

### A.   Wrongful Attempted Foreclosure

To properly state a claim for wrongful attempted foreclosure under Georgia law, the plaintiff must allege sufficient facts to state a plausible claim that the party attempting to foreclose made "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Fin. Co. v. Culpepper, 171 Ga. App. 315, 319, 320 S.E.2d 228 (1984) (citations omitted).

In this case, Plaintiff has not stated a plausible claim for wrongful attempted foreclosure.  Absent from the Complaint are sufficient factual allegations indicating that MidFirst Bank made a knowing and intentional publication of untrue information concerning Plaintiff's financial condition.  Plaintiff attaches a foreclosure notice to the Complaint, (Compl., Ex. C), but Plaintiff does not allege that MidFirst Bank published this foreclosure notice to a third party.  Plaintiff does mention in a conclusory fashion that his credit has been destroyed, but there is no allegation that MidFirst Bank reported negative information concerning Plaintiff's financial condition to any credit bureau.

Even if Plaintiff's Complaint could be construed to allege that MidFirst Bank published the foreclosure notice or otherwise published negative information concerning Plaintiff's financial condition, Plaintiff cannot plausibly claim that the information is untrue.  In this regard, while Plaintiff challenges MidFirst Bank's status as a secured creditor, Plaintiff does not dispute that he is behind on his mortgage-related financial obligations.  Indeed, Plaintiff alleges that MidFirst Bank

has demanded payment in full but states he has no contractual obligation to pay MidFirst Bank. (Compl. ¶¶ 17, 18.) Thus, despite his conclusory statements to the contrary, Plaintiff has admitted that he is in default on his mortgage loan. Given his defaulted status, Plaintiff cannot prevail on his wrongful attempted foreclosure claim. See Alexander v. Bank of America, N.A., No. 2:13-CV-0067-RWS, 2014 WL 106349, at *5 (N.D. Ga. Jan. 10, 2014) (dismissing attempted wrongful foreclosure claim where the plaintiff did not dispute his default on the underlying obligation but simply disputed whether the defendant was the proper entity to call his loan into default).

Further, to the extent Plaintiff argues that the untrue information in the foreclosure notice is MidFirst Bank's representation of itself as the secured creditor, this argument fails. The Assignment of Security Deed that MidFirst Bank has attached to its Motion to Dismiss establishes that MidFirst Bank is the rightful holder of the Security Deed and has the contractual authority to foreclose on the Property. As such, there can be no dispute as to the truth of MidFirst Bank's representation of itself as the secured creditor at the time that it presented the foreclosure notice.

For all of the reasons stated above, Plaintiff's claim for wrongful attempted foreclosure is due to be dismissed.

B.    Intentional Infliction of Emotional Distress

To maintain a claim of intentional infliction of emotional distress under Georgia law, a plaintiff must allege that (1) the defendant's conduct was intentional or reckless, (2) the conduct was extreme and outrageous, (3) there was a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress suffered was severe. Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 230, 335 S.E.2d 445 (1985). The standard for an intentional infliction of emotional distress claim is very high, and the burden on the plaintiff is a stringent one. Id. at 229. Whether a defendant's conduct is extreme and outrageous is a

question of law.  Yarbray v. S. Bell Tel. & Tel. Co., 261 Ga. 703, 706, 409 S.E.2d 835 (1991).

In the instant case, the facts alleged do not indicate that MidFirst Bank engaged in conduct that was either extreme or outrageous.  Plaintiff's claim for intentional infliction of emotional distress is predicated on the same alleged facts that purportedly supported the claim for wrongful attempted foreclosure.  As the Court determined above, however, MidFirst Bank lawfully attempted to collect on the mortgage note and then lawfully attempted to institute foreclosure proceedings.  Since the claim for wrongful attempted foreclosure fails and MidFirst Bank did not otherwise engage in conduct that was extreme or outrageous, Plaintiff's claim for intentional infliction of emotional distress also fails.  See Mayrant v. Deutsche Bank Trust Co. Americas, Civil Action No. 1:10-CV-3094-TWT, 2011 WL 1897674, at *3 (N.D. Ga. May 17, 2011) (finding no reckless, extreme, or outrageous conduct where the defendant had exercised its contractual right to foreclose on the plaintiff's property pursuant to the power of sale in the security deed).

    C.    RESPA

Plaintiff's RESPA claim also is without merit.  RESPA mandates that a loan servicer respond to a borrower's Qualified Written Request ("QWR"), if that request meets certain requirements and seeks "information relating to the servicing of such loan."  12 U.S.C. § 2605(e).  In order to state a claim for a violation of this section of RESPA, a plaintiff must allege facts to support that: (1) the defendant is a loan servicer; (2) the plaintiff sent the defendant a valid QWR; (3) the defendant failed to adequately respond within the statutory period of 20 days or 60 days; and (4) the plaintiff is entitled to actual or statutory damages.  Tonea v. Bank of America, N.A., - - - F. Supp. 2d - - -, No. 1:13-CV-1435-WSD, 2014 WL 1092348, at *12 (N.D. Ga. Mar. 18, 2014)

Here, Plaintiff's RESPA claim fails first because the letter Plaintiff sent to MidFirst Bank does not qualify as a QWR under RESPA.  The letter attached to

Plaintiff's Complaint seeks information regarding the identity of the secured creditor and/or the secured creditor's authorized agent. The information requested is beyond information about the mere servicing of his loan and thus is not a proper request. Liggion v. Branch Banking and Trust, Civil Action No. 1:11–CV–1133–WSD, 2011 WL 3759832, at *3 (N.D. Ga. Aug. 24, 2011) ("Plaintiff's information document requests are not a proper qualified written request under RESPA because they do not relate to the servicing of the loan."). Because Plaintiff does not allege that MidFirst Bank failed to respond to servicing-related requests, the RESPA claim is due to be dismissed.

Plaintiff also fails to allege facts suggesting that he suffered actual damages specifically stemming from MidFirst Bank's alleged failure to respond to the QWR. This failure is fatal to Plaintiff's RESPA claim. See Dynott v. Nationstar Morg., LLC, Civil Action No. 1:13-CV-1474-WSD, 2014 WL 1028886, at *19 (N.D. Ga. Mar. 17, 2014) (dismissing RESPA claim because plaintiff failed "to allege any facts that would suggest that he suffered actual damages from Nationstar's alleged failure to respond to his QWR, in violation of 12 U.S.C. § 2605(e)"); Yates v. GMAC Mortg. LLC, Civil Action No. 1:10–CV–2546–RWS, 2010 WL 5316550 at *4 (N.D. Ga. Dec. 17, 2010) (dismissing RESPA claim with prejudice because plaintiff failed to "articulate any facts showing how Defendant's failure to respond or inadequate response to the RESPA requests resulted in any damages or the amount of such damages"); Sellers v. Bank of America, N.A., Civil Action No. 1:11-CV-3955-RWS, 2012 WL 1853005, at *8 (N.D. Ga. May 21, 2012) (dismissing RESPA claim because Plaintiffs failed to allege entitlement to actual or statutory damages).

Accordingly, because Plaintiff has not alleged sufficient facts to state a plausible claim for relief against MidFirst Bank for a violation of RESPA, this claim must be dismissed.

    D.    Punitive Damages

Because all of Plaintiff's substantive claims lack merit, Plaintiff's claim for

punitive damages also is due to be dismissed. Duncan v. CitiMortgage, Inc., No. 1:13-CV-1493-TWT, 2014 WL 172228, at *14 (N.D. Ga. Jan. 15, 2014) ("Georgia courts have consistently recognized that a claim for punitive damages is effective only if there is a valid claim for actual damages to which it could attach, and that punitive damages may not be recovered if the party's substantive claims have failed."); Dunn v. BAC Home Loan Servs., L.P., No. 1:12-CV-1047-TWT, 2013 WL 1755808, at *4 (N.D. Ga. Apr. 23, 2013) ("The Plaintiffs' claims for punitive damages and attorney fees are derivative to their substantive claims and, therefore, should be dismissed because of the failure of the substantive claims.").

## IV. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** MidFirst Bank's Motion to Dismiss [Doc. No. 4] and **DISMISSES** this action **with prejudice**.[2]

SO ORDERED this 2nd day of September, 2014.

*s/ CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Eleventh Circuit has held that a district court ordinarily must give a pro se litigant at least one opportunity to amend before dismissing a complaint with prejudice. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (overruling Bank with respect to counseled complaints but not pro se complaints). Here, however, the facts that Plaintiff has alleged in his Complaint, coupled with the documents that both Plaintiff and Defendant have presented, convince the Court that any amendment to the Complaint would be futile. In such circumstances, granting Plaintiff an opportunity to amend is not required. Id.; see also Bettencourt v. Owens, 542 Fed. App'x 730, 2013 WL 5450978, at *4 (11th Cir. Oct. 2, 2013) ("A court must ... afford a plaintiff an opportunity to amend his pro se complaint before dismissing with prejudice unless an amendment would be futile.").